No. 04-452

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 243N

STEPHEN C. TOMAZICH,

        Plaintiff and Respondent,

   v.

U.S. BANCORP PIPER JAFFRAY, INC.,
ROBERT ENGLISH, and THOMAS J. O'NEILL,

        Defendants and Appellants,

APPEAL FROM:    District Court of the Second Judicial District,
In and for the County of Silver Bow, Cause No. DV 02-131,
The Honorable Kurt D. Krueger, Judge presiding.

COUNSEL OF RECORD:

        For Appellants U.S. Bancorp Piper Jaffray, Inc., and Robert English:

                Stanley T. Kaleczyc and Brand G. Boyar, Browning, Kaleczyc, Berry &
                Hoven, P.C., Helena, Montana

                John S. Lutz, Fairfield and Woods, P.C., Denver, Colorado

        For Appellant Thomas J. O'Neill:

                Robert J. Phillips and John F. Haffey, Phillips & Bohyer, Missoula, Montana

        For Respondent Tomazich:

                Donald C. Robinson and Lisa A. Levert, Poore, Roth & Robinson, P.C.,
                Butte, Montana

                        Submitted on Briefs:  March 30, 2005

                                Decided:  September 27, 2005

Filed:

             _____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to § I, para. 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The case is one of 23 different actions against U.S. Bancorp Piper Jaffray, Inc., (Piper) involving the alleged mismanagement of accounts in the corporation's Butte office. This particular action involves several forms, the first of which was signed by Stephen Tomazich (Tomazich) in 1993.

¶3 These facts and the issues arising here are substantially identical to those in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, ¶ 22, 326 Mont. 103, ¶ 22, 107 P.3d 465, ¶ 22. That case held that a clause granting Piper broad discretion over an investor's holdings created a fiduciary duty. *Willems*, ¶ 22. That same clause, in addition to the arbitration clause, was included as part of Tomazich's 1993 PAT Plus Agreement. *Willems*, ¶ 17. *Willems* further held that because of the fiduciary duty, Piper was obligated to advise the investor of the arbitration clause, and that because Piper did not, the arbitration clause was unenforceable. *Willems*, ¶ 25.

¶4 Here, in light of *Willems*, O'Neill owed a fiduciary duty to Tomazich to explain the arbitration provisions in the contracts at issue, beginning therein with the 1993 form. Further, Tomazich relied on Thomas O'Neill's (O'Neill) expertise in the business transactions at issue and trusted him to look out for his best interest and expected him to

2

explain any important contract terms. However, O'Neill failed to explain to Tomazich the consequences of the arbitration provisions that Tomazich was found to have not understood. Therefore, we affirm the District Court's conclusion that the pre-dispute arbitration provisions are unenforceable and decline to address further issues raised by appellants.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

3